The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, Arkansas 72115
Dear Senator Hoofman:
This is in response to your request for an opinion on "the propriety or impropriety of the Secretary of State's office in denying [a] citizen's candidacy [for constitutional convention delegate] in light of Amendment 7 to the State Constitution." Specifically, you indicate that one of your constituents has attempted to file as a candidate to serve on the Constitutional Convention, if one is called on December 12. You note that on November 1, 1995, she filed a petition with the Secretary of State containing more than an adequate amount of signatures to become a candidate. On November 8, 1995, she was advised that some of the individuals whose signatures appeared on her petition were not counted for various reasons. Thereafter, on November 9, 1995, she presented to the Secretary of State additional signatures which would have qualified her as a candidate. She was advised by the Secretary of State's office that under the act calling the Constitutional Convention, there was no provision to submit additional signatures, therefore, she was not qualified to appear as a candidate on the ballot. Your question is whether this action by the Secretary of State is legally correct.
It is my opinion that the decision of the Secretary of State not to allow the submission of additional signatures was correct. There is no provision for the submission of additional signatures in Act 1 of the First Extraordinary Session of 1995. In addition, Amendment 7 to the Arkansas Constitution has no applicability to the facts at hand.
The relevant act, Act 1 of 1995 (1st Ex. Sess), provides that "[e]ach person desiring to be elected a district delegate shall file with the Secretary of State nominating petitions with at least two hundred (200) signatures thereon of persons who are registered voters within the Senate district. . . . To be considered legally sufficient, each voter signature shall be accompanied by the voter's printed name, street address and date of birth." Act 1, § 5(c)(1)(A). The Act further provides that: "[t]he original and one photocopy of all nominating petitions shall be filed with the Secretary of State not later than a date and time set in the Governor's proclamation but in any event not less than forty (40) days before the special election." The date set in the proclamation was Thursday, November 2, at noon. The act also provides that: [t]he Secretary of State shall distribute the petitions to the appropriate county clerks, who shall verify the petition signatures and certify the number of verified signatures for each delegate candidate to the Secretary of State. . . ." Act 1, § (c)(4). Finally, the Act provides that "[t]he County Board of Election Commissioners shall include on special election ballots the names of all candidates for delegate to the Constitution Convention as certified by the Secretary of State. . . ." Act 1, § 5 (d).
As noted above, therefore, the Act does not make any provision for the submission of additional signatures in the event that the petition is found to be insufficient. In addition, I can find no other provision of law which would authorize the submission of additional signatures. Amendment 7 to the Arkansas Constitution, which you have mentioned, and A.C.A. § 7-9-111 (an implementing statute thereto) each grant an additional thirty days to correct insufficient petitions and to add additional signatures. These provisions, however, apply only to initiative petitions to adopt initiated legislation or constitutional amendments or to refer legislation to the electors. They have no applicability to nominating petitions for constitutional convention delegates.
It is my opinion, therefore, that the Secretary of State was correct in refusing to allow the submission of additional signatures on this petition.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh